IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00093-KDB-DCK

| | |
|---|---|
| **JOERELLA ELLEBY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| **LIBERTY UNIVERSITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 12), which Plaintiff opposes. The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** in part and **DENY** in part the motion and enter Summary Judgment in favor of Defendant on Plaintiff's National Do Not Call Registry claim.

## I.    RELEVANT BACKGROUND

In October 2020, a person who was interested in Liberty University's nursing education program gave the university consent to contact what later became Plaintiff's telephone number. (*See* Doc. No. 12-2). This previous user of the phone number entered information on the webpage located at http://www.liberty.edu/online-at-liberty in the "Request Information" text box/form, providing Liberty with the number. *Id*. A short time after this consent, Plaintiff took over the phone number when she purchased a new cellular telephone. (*See* Doc. No. 12-3). Unaware that the phone number now had a different owner and seeking to provide information about its online-education program as requested, Liberty continued to send pre-recorded communications to the phone number based on the previous user's consent. (*See* Doc. No. 12-2).

1

Plaintiff, however, did not consent to these calls from Liberty University. (*See* Doc. No. 21-7). Further, according to Plaintiff the prerecorded messages did not provide a way during the calls to opt-out of receiving future calls. (*See* Doc. No. 21-3). After Plaintiff, through counsel, contacted Liberty in April 2021 to complain about the unwanted communications, Liberty immediately removed the phone number from its contact list. (*See* Doc. No. 12-2).

Plaintiff filed this suit alleging that Liberty violated (1) 47 U.S.C. § 227(b) by sending pre-recorded communications to her cellular telephone without her prior express consent and (2) 47 U.S.C. § 227(c)(1) and 47 C.F.R. § 64.1200(c)(2) by making a "telephone solicitation" to an individual who had her number on the National Do-Not-Call Registry.[1] (Doc. No. 1). Plaintiff attempts to bring such claims on behalf of herself and a purported class of all individuals who received similar calls on their cellular phones during the previous four (4) years.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019).

A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if it might affect the outcome of the suit under the governing law."

---

[1] Plaintiff consents to the granting of Defendant's Motion for Summary Judgment on her claim under the TCPA's National Do Not Call Registry provision because, as a tax-exempt, non-profit organization, Liberty is not subject to the provisions regarding the National Do-Not-Call Registry. *See* 47 C.F.R. § 64.1200(c). (Doc. No. 21 p. 1 n. 1).

*Vannoy v. Federal Reserve Bank of Richmond*, 827 F.3d 296, 300 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial," *Id*. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id*. at 324.

In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores,* 888 F.3d at 659 (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)); *see Modern Mosaic* at *2. "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (internal citations omitted). "Only disputes over facts that might affect the outcome of the

3

suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Also, the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Id*. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id*. at 249-50.

In the end, the question posed by a summary judgment motion is whether the evidence as applied to the governing legal rules "is so one-sided that one party must prevail as a matter of law." *Id*. at 252.

### III. DISCUSSION

The facts here are simple and undisputed. Plaintiff received multiple pre-recorded calls from the Defendant without her consent. However, prior to making the calls, Defendant had received consent from a previous user of the number and was unaware it had been reassigned to Plaintiff. Citing to the FCC's interpretation of the Telephone Consumer Protection Act ("TCPA") and the decision in *Danehy v. Time Warner Cable Enterprises* (an adopted M&R from the E.D.N.C.), Defendant moves for summary judgment, arguing that Plaintiff cannot prevail under the TCPA because Defendant called Plaintiff in reasonable reliance on the consent of the prior user. In short, the question before this Court is whether a caller, who contacts a phone number whose previous user provided consent but whose current user did not, is liable under the TCPA. While several circuits have answered a closely related question (whether "called party" means "intended party" in the TCPA), both questions remain undecided in the Fourth Circuit. *See N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1167 (9th Cir. 2020); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251–52 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 639–43 (7th Cir. 2012).

4

First, and foremost, there is no basis in the text of the TCPA for adoption of a reasonable reliance or good faith defense. *See Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324, 334 (S.D.N.Y. 2019) (citing *Echevvaria v. Diversified Consultants, Inc*., No. 13 Civ. 4980, 2014 U.S. Dist. LEXIS 32136, 2014 WL 929275, at *4 (S.D.N.Y. Feb. 28, 2014)). The TCPA provides, in pertinent part, that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call ....

47 U.S.C. § 227(b)(1)(A).

Statutory construction begins with the language used by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose. *See Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist*., 541 U.S. 246, 252, 124 S. Ct. 1756, 1761 (2004). The TCPA's language is consistent with a strict liability statute that does not require any intent for liability, excluding when awarding treble damages. *Echevvaria,* No. 13 Civ. 4980, 2014 U.S. Dist. LEXIS 32136, 2014 WL 929275, at *4. Congress passed the TCPA to protect individuals from receiving invasive and unsolicited calls. *See Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745, 181 L. Ed. 2d 881 (2012). Thus, adopting a good faith or reasonable reliance defense not only would have no basis in the text but also would contravene the stated purpose of the TCPA.

The FCC nevertheless has seemingly interpreted the TCPA to reject the imposition of the strict liability reflected in the statute. *See In re Advanced Methods to Target & Eliminate Unlawful Robocalls*, 33 FCC Rcd 12024 at ¶ 58 (F.C.C. December 13, 2018) (("[The D.C. Circuit] expressed

5

no concern about the Commission interpreting the [TCPA] not to demand the impossible of callers."); *see Sandoe v. Bos. Sci. Corp.,* Civil Action No. 18-11826-NMG, 2020 U.S. Dist. LEXIS 2800, at *11-12 (D. Mass. Jan. 8, 2020) ("the FCC has interpreted the TCPA not to require the impossible of callers, such as knowing that a number has been reassigned."). In 2015, the FCC created a "one-call" safe harbor that allowed callers to "reasonably rely" on prior express consent to avoid liability for a caller's first call to a reassigned number. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7971-72 (2015). However, the D.C. Circuit Court of Appeals later rejected this interpretation as arbitrary and capricious. *ACA International v. FCC*, 885 F.3d 687, 705-06, 435 U.S. App. D.C. 1 (D.C. Cir. 2018). Subsequently, the FCC issued a new order emphasizing that the D.C. Circuit did not question the FCC's authority to interpret the TCPA "not to demand the impossible of callers" and established a comprehensive database that contains information regarding reassigned numbers. *33 F.C.C. Rcd. 12024* at ¶ 58. Callers who utilize the database will not be liable for calling a reassigned number if the database fails to report the reassigned number.[2] *Id*. Thus, Defendant asks this Court to adopt a reasonable reliance or good faith standard, which it argues is in line with the FCC's interpretation.

Defendant also relies on *Danehy v. Time Warner Cable Enterprises,* a "Memorandum and Recommendation" decision in the Eastern District of North Carolina, for support. *See Danehy v. Time Warner Cable Enters.*, No. 5:14- CV-133, 2015 U.S. Dist. LEXIS 125325, 2015 WL 5534094, at *4 (E.D.N.C. Aug. 6, 2015) (Gates, Mag. J.), adopted by 2015 U.S. Dist. LEXIS 125053, 2015 WL 5534285 (E.D.N.C. Sept. 18, 2015). The facts in this case are nearly identical

---

[2] Defendant maintains, and Plaintiff does not seem to dispute, that this database was unavailable for the calls at issue in this matter.

to *Danehy*.[3] But despite this factual similarity, Defendant's argument that this Court should adopt a good faith defense in the TCPA is unconvincing. In *Danehy*, the Magistrate concluded that the defendant acted "reasonably" and in "good faith" and thus summary judgment should be entered for the defendant. *See Danehy*, No. 5:14-CV-133-FL, 2015 U.S. Dist. LEXIS 125325, at *19. Importantly, though, the Magistrate offered multiple rationales for granting the motion for summary judgment. Consequently, the District Court did not rely on the "good faith" basis when adopting the recommendation. *See Danehy*, No. 5:14-CV-133-FL, 2015 U.S. Dist. LEXIS 125053, at *6-7. In adopting the Magistrate's recommendation as a whole, the District Court only minimally reviewed the Magistrate's finding of a "good faith" defense for clear error. *Id.* at 7. In its brief review for clear error the District Court specifically acknowledged that the Fourth Circuit had not decided the issue and that other courts had rejected a good faith standard. *Id*.

Moreover, *Danehy's* conclusion has been explicitly rejected by other courts. *See, e.g.*, *Morgan v. Orlando Health, Inc*., No. 6:17-cv-1972-Orl-41GJK, 2019 U.S. Dist. LEXIS 223947, at *10 (M.D. Fla. Oct. 14, 2019); *see Hoffman*, 2020 U.S. Dist. LEXIS 241003, at *12 ("None of the… [good faith defense] decisions offer any persuasive reasoning to allow this defense, particularly since none of them grapples with the text of and legislative intent behind the TCPA."); *See also Mantha v. Quotewizard.com*, LLC, No. 19-12235-LTS1, 2021 U.S. Dist. LEXIS 245059, at *27 (D. Mass. Dec. 3, 2021) ("courts have roundly rejected a good faith defense to TCPA violations, though such a defense may be relevant in the context of damages for willfulness"); *Kuch v. Phh Mortg. Corp*., No. 16-CV- 00056V(F), 2021 U.S. Dist. LEXIS 165456, at *32

---

[3] In *Danehy*, a prior user of the telephone number had consented to communications from defendant, but then, unbeknownst to defendant, the telephone number was transferred to another customer. *Id*. at *2-3. After defendant thereafter made multiple calls to the phone number, plaintiff brought TCPA and Do-Not-Call claims identical to those brought by Plaintiff in this matter. *Id*. at 4-5.

7

(W.D.N.Y. Aug. 31, 2021) ("Neither the TCPA nor the regulations promulgated thereunder support Defendant's good faith belief argument"); *Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324 at 334-335 (S.D.N.Y. March 2019) (in context of a TCPA class action court denies defendant's motion for summary judgment as to good faith and reasonable reliance noting that such was relevant only as to treble damages); *see also, e.g., Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 980 (N.D. Cal. 2019) (the TCPA "makes no exception for senders who mistakenly believe that recipients' permission or invitation existed. The issue of intent, or more accurately, the issues of knowledge and willfulness, however, clearly are material to the question of treble damages.") (citation omitted).

Multiple circuit courts have consistently answered a different but related question, rejecting the argument that "called party" actually means "intended party" in the TCPA. While Defendant contends its argument regarding a "good faith" defense is separate and distinct, Defendant essentially asks this Court to adopt an "intended party" approach by reading into the statute Defendant's asserted affirmative defense. Neither the language nor the concept of an "intended" party appears in the statute. *See Soppet*, 679 F.3d at 640 ("The phrase 'intended recipient' does not appear anywhere in § 227 ....").

Accordingly, every circuit court to opine on the issue has concluded that the term "called party" refers to the individual that actually receives the calls, as opposed to the "intended party" of those calls. *See, e.g., Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250-54 (11th Cir. 2014) (citing *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 639-41 (7th Cir. 2012) ("'The presumption that a statute uses a single phrase consistently, at least over so short a span … implies that the consent must come from the current subscriber.'")). The most recent circuit to address this issue, the Ninth Circuit in *N. L. by Lemos*, held that a defendant's "intent to call a customer who

8

Case 5:21-cv-00093-KDB-DCK   Document 23   Filed 03/09/22   Page 8 of 10

had consented to its calls does not exempt [it] from liability under the TCPA when it calls someone else who did not consent." *N. L. by Lemos*, 960 F.3d at 1167. The court concluded that the TCPA contains no language to the effect that a violation occurs only if the actual recipient of the calls was the "intended recipient." *Id* at 1167-1168. The court found it was illogical to read such a provision into the statute, which would be inconsistent with the TCPA's legislative purpose – to prevent "automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…." *Id*. at 1170 (citing Pub. L. No. 102-243, § 2(12), 105 Stat. at 2394).

In sum, there is no basis to conclude that the TCPA affords Liberty University a reasonable reliance or good faith defense. *See Davis v. Diversified Consultants, Inc*., 36 F. Supp. 3d 217, 223-24 (D. Mass. 2014) ("'The TCPA is essentially a strict liability statute' and 'does not require any intent for liability except when awarding treble damages.'"). Therefore, the Motion will be denied with respect to the 47 U.S.C. § 227(b) claim.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

Defendant's "Motion for Summary Judgment" (Doc. No. 12) is **GRANTED** in part and **DENIED** in part. The motion and **SUMMARY JUDGMENT** is hereby **DENIED** as to Count One of the Complaint and **GRANTED** in favor of Defendant on Count Two, the 47 U.S.C. § 227(c)(1) and 47 C.F.R. § 64.1200(c)(2) claim.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 9, 2022

Kenneth D. Bell
United States District Judge